## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Bobby L. Hinds, | Civil No. 12-2567 (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| AR Resources, Inc., | |
| Defendant. | |

_____

Peter F. Barry, Esq., Barry, Slade & Wheaton, LLC, counsel for Plaintiff.

Jeffrey W. Thone, Esq., Stephenson, Sanford & Thone PLC; and Kevin Cornish, Esq., High Swartz LLP, counsel for Defendants.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss Plaintiff's Amended Complaint brought by Defendant AR Resources, Inc. ("ARR") (Doc. No. 12). For the reasons set forth below, the Court grants the motion.

## BACKGROUND

The central facts and procedural history of this case are largely undisputed by the parties for purposes of this motion.

ARR is a collection agency and a "debt collector" under the Fair Debt Credit Practices Act ("FDCPA"). (Doc. No. 8, Am. Compl. ¶ 9.) Plaintiff Bobby L. Hinds

("Plaintiff") incurred a consumer debt and is a "consumer" under the FDCPA. (*Id.* ¶¶ 8, 10.) Plaintiff alleges that in April 2012, he disputed "with at least one credit-reporting agency" ARR's placement of this debt on his credit report. (*Id.* ¶ 11.) Plaintiff alleges that he disputed the debt after seeing and not recognizing the item on his credit report. (*Id.* ¶ 12.) Plaintiff alleges that ARR was on notice in or around April 2012 that he disputed the debt. (*Id.* ¶ 14.) Plaintiff further alleges that after receiving notice, ARR "updated" credit reporting information to consumer credit reporting agencies (Experian, Equifax, TransUnion and CSC) in July 2012, but failed to notate that Plaintiff disputed the debt. (*Id.* ¶¶ 15, 16, 17-25.) In addition, and specifically with respect to the Experian credit report, Plaintiff alleges that ARR misrepresented the status of his account as "Account Closed By Consumer's Request," thus leaving the disputed item on the report. (*Id.* ¶¶ 22-25, Ex. 2 at 4.) Finally, Plaintiff alleges that on or about August 2, 2012, an ARR agent or employee communicated with Plaintiff by telephone and asked for payment on the alleged debt without disclosing that the agent was a debt collector. (*Id.* ¶¶ 36-38.) Plaintiff initiated the phone call with ARR in an effort to determine the source of an item appearing on his credit report. (*Id.* ¶ 37.) During the phone call, the representative of ARR stated: "[F]irst I have to advise you this is an attempt to collect a debt." (Doc. No. 15, Alford Aff. ¶ 14, Ex. 2.)

On October 9, 2012, Plaintiff filed an action against ARR for violations of the FDCPA. (Doc. No. 1.) ARR moved to dismiss the Complaint. (Doc. No. 2.) On November 19, 2012, Plaintiffs filed an Amended Complaint, which asserts a single cause

of action for violations of the FDCPA.  (*See generally* Am. Compl.)  In particular, Plaintiff alleges that ARR violated the FCDPA by:  failing to notate that Plaintiff disputed the debt with a credit reporting agency when ARR updated credit information in July 2012; misrepresenting the status on Plaintiff's Experian credit report as "Account Closed By Consumer's Request"; and failing to provide required consumer warnings during the August 2, 2012 phone call.  (*See generally id.*)

ARR moves to dismiss Plaintiff's Amended Complaint, arguing that the allegations in the Amended Complaint fail to state a claim for relief and, in the alternative, that personal jurisdiction does not exist over ARR.[1]

## DISCUSSION

**I.     Motion to Dismiss Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory

---

[1]    Because ARR's primary argument in support of its motion to dismiss is that Plaintiff fails to state a claim upon which relief can be granted, and ARR only argues in the alternative that the Court lacks personal jurisdiction over ARR, the Court addresses the motion on the merits.  The Court notes, however, based on the record before it, that it appears unlikely that ARR would prevail on its motion to dismiss insofar as it is based on a lack of jurisdiction.  Plaintiff has submitted evidence that in 2006, ARR registered to do business in Minnesota and that ARR has a registered agent in Minnesota.  (Doc. No. 21, Barry Aff. ¶ 9, Ex. 3.)  The record suggests Plaintiff could make a prima facie showing that personal jurisdiction exists and that ARR could have reasonably anticipated being

(Footnote Continued on Next Page)

allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

      To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly,* 550 U.S. at 556.

---

(Footnote Continued From Previous Page)
haled into court in Minnesota in a dispute related to its efforts to collect a debt from a Minnesota resident.

## II.     Failure to State a Claim

### A.     False Report of a Disputed Debt

Plaintiff first alleges that ARR violated the FDCPA by failing to note that Plaintiff disputed the debt when ARR provided credit information to certain credit reporting agencies.  It is a violation of the FDCPA for a debt collector to communicate false credit information, including the failure to communicate that a debt is disputed.  15 U.S.C. § 1692e(8).  However, according to Plaintiff's allegations, Plaintiff did not dispute the debt until *after* he saw it on his credit report.  (Am. Compl. ¶ 11 ("In or around April 2012, . . . Plaintiff disputed with at least one credit-reporting agency this alleged debt that had been placed on his credit report by [ARR].").  A debt collector, such as ARR, is only under an obligation to report a debt as disputed if the debt is disputed *prior to* the debt collector reporting the debt to a credit reporting agency.  *See Wilhelm v. Credico, Inc.*, 519 F.3d 416, 417 (8th Cir. 2008).  Thus, to the extent that Plaintiff challenges ARR's initial reporting of Plaintiff's debt to credit reporting agencies, which occurred before Plaintiff alleges he disputed the debt, Plaintiff's claim necessarily fails.

Plaintiff also alleges that ARR "was on notice in or around April 2012 that Plaintiff disputed the debt" and that ARR violated the FDCPA when it "updated" Plaintiff's account with the credit reporting agencies in July 2012.  (Am. Compl. ¶¶ 14-16.)  Plaintiff claims that he "disputed with at least one credit-reporting agency this alleged debt," but does not otherwise plead specific facts to demonstrate that ARR was "on notice."  (*Id*. ¶¶ 11, 14.)  Notably, Plaintiff does not allege any specific facts

regarding his dispute of the debt—such as the identity of the credit reporting agency with which he allegedly lodged his dispute, when he disputed the debt, or how he disputed the debt (i.e., via letter or phone call). Moreover, Plaintiff does not assert any facts to demonstrate that he, or any other entity, notified ARR of the dispute. These shortcomings are fatal to Plaintiff's FDCPA claim insofar as it is based on the allegation that ARR failed to communicate to credit reporting agencies that Plaintiff disputed the debt.[2]

### B. Advisory Under 15 U.S.C. § 1692e(11)

Section 1692e(11) of the FDCPA requires a debt collector, in communications with consumers, to state that the communication is from a debt collector. 15 U.S.C. § 1692e(11).[3] Plaintiff alleges that ARR violated this provision during the

---

[2]  Plaintiff also asserts that ARR violated the FDCPA by stating "Account Closed By Consumer's Request" on Plaintiff's Experian credit report. (Am. Compl. ¶¶ 24-25.) This claim also fails. First, the basis of the claim rests on the allegation that Plaintiff disputed the debt with ARR prior to ARR providing any information that was used in the Experian report. For the reasons discussed above, Plaintiff fails to sufficiently allege that ARR was on notice of the disputed debt. In addition, Plaintiff does not allege any facts to suggest that ARR is responsible for the challenged statement in the Experian credit report. The statement appears under the heading "Your Statement," which suggests the statement reflects the consumer's position regarding the debt. In any event, nothing in the Amended Complaint connects this statement to ARR.

[3]  Specifically, the statute provides that the following is a violation:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications

(Footnote Continued on Next Page)

August 2, 2012 phone call between ARR and Plaintiff because ARR failed to provide Plaintiff with the required oral advisory, namely that the communication was from a debt collector. (Am. Compl. ¶ 36.)

Plaintiff does not dispute that during the August 2, 2012 phone call, the ARR representative stated: "[F]irst I have to advise you this is an attempt to collect a debt." (Alford Aff. ¶ 14, Ex. 2.) Plaintiff, however, maintains that this statement is not sufficient to meet the requirement under section 1692e(11) because the ARR representative did not indicate that the phone call was a "communication from a debt collector."

The Court concludes that ARR's statement—"this is an attempt to collect a debt"— is sufficient to satisfy the requirements of section 1692e(11), as it effectively conveys the fact that Plaintiff was speaking to a debt collector. *See Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 955 (8th Cir. 2006) ("Though the letter does not say it is from a debt collector, the fact that it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a 'debt collector.'").[4] Moreover, the Court points out that Plaintiff

---

(Footnote Continued From Previous Page)
  that the communication is from a debt collector, except that this paragraph
  shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

[4]   Plaintiff relies on two cases for the proposition that courts require strict compliance with respect to section 1692e(11)—*Thompson v. Nat. Credit Adjusters, LLC*, Civ. No. 10-2307, 2012 WL 5372577 (D. Minn. Oct. 31, 2012) and *Mark v. J.C.*

(Footnote Continued on Next Page)

7

initiated the phone call, further bolstering the conclusion that even an unsophisticated consumer would understand that he was speaking with a debt collector. The Court concludes that the August 2, 2012 communication does not violate section 1692e(11).

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that

1. ARR's Motion to Dismiss (Doc. No. [12]) is **GRANTED**; and

2. Plaintiff's Amended Complaint (Doc. No. [8]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: April 30, 2013            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

---

(Footnote Continued From Previous Page)
*Christensen & Assocs., Inc.*, Civ. No. 09-100, 2009 WL 2407700 (D. Minn. August 4, 2009). Both cases are factually distinguishable from this case because the challenged communications in the cited cases, unlike the communication here, failed to disclose that the communications were attempts to collect a debt. In *Thompson*, the Court concluded that a letter sent to a consumer that sought a return call without disclosing its status as a debt collector violated section 1692e(11). *Thompson*, 2012 WL 5372577, at *14. The letter in *Thompson* did not disclose that it was sent in an attempt to collect a debt. *Id.* Similarly, in *Mark*, the plaintiff challenged several voice messages, none of which included that fact that the calls were from a debt collector or that the calls were being made in an attempt to collect a debt. *Mark*, 2009 WL 2407700, at *1.